BEFORE THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re the Bankruptcy of                                                  Case No. 11-11474
     BRIAN J. SCHMITZ and
     Debtor

MOTION TO CONTINUE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)

NOW COMES the Debtor, by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and respectfully moves the Court to continue the application of the automatic stay in these proceedings pursuant to 11 U.S.C. §362 (c) and shows the Court:

1. Debtor has a previously filed bankruptcy which was dismissed within the past year in WIWB Case No. 09-15320.

2. The previously filed bankruptcy was voluntarily dismissed by Debtor and his non-Debtor spouse on October 20, 2010, because they were unable to reorganize their financial affairs due to the fact that they had closed their restaurant and bar business known as Keg & Kettle in Lone Rock, Wisconsin in early January, 2010 due to an environmental hazard believed to be affecting the premises, the scope of which was not disclosed to them by M&I Bank.

3. Despite repeated requests for information concerning possible environmental contamination of the premises, which was to be provided to Debtor in exchange for the grant of access to the premises for environmental studies, M&I Bank withheld the results of the environmental studies for over a year from its initial promise to provide copies of the environmental reports to the Debtor.

4. On January 4, 2011, Debtor's counsel was finally provided copies of three (3) environmental studies which had been performed at the request of M&I Bank.

5. M&I Bank withheld the environmental reports in an effort to circumvent the reporting requirements of Wis. Stats. §§292.11-292.12, apparently believing that it could avoid the costs of remediating the contamination by not reporting the environmental concern to the Wisconsin Department

of Natural Resources under Wis. Stats. §292.21

6. According to information provided to the Debtor by a consulting environmental engineer after Debtor received the withheld environmental studies, the costs of compliance with the reporting requirements and the anticipated clean up expenses would likely not exceed $15,000.00 **AND** that the premises did not present a danger to human health if the business had continued to operate on the premises.

7. Had Debtor received the environmental studies, he and his non-Debtor spouse would have continued to operate the business which they were trying to reorganize in bankruptcy proceedings.

8. Debtor and his non-Debtor spouse could not make a sound business decision without the withheld environmental reports and could not continue to operate a restaurant and bar business on premises suspected to be contaminated and without information as to how to address the situation.

9. For an approximately mere $15,000.00 in costs [which is likely the equivalent of what M&I Bank was charged for three (3) environmental studies withheld from the Debtor] M&I Bank's breach of promise to disclose the results of the environmental studies cost the Debtor and his non-Debtor spouse their business.

10. Debtor's non-Debtor spouse sought alternative income in sales and her start up costs were greater than the net income from the sales job.

11. Debtor and his non-Debtor spouse sought alternative employment together as condominium building managers and were eventually hired on a probationary basis a mere few weeks after the previous bankruptcy was dismissed.

12. Debtor's circumstances have changed since the dismissal of the previous bankruptcy.

13. Debtor and his non-Debtor spouse have regular monthly income and housing in connection with the condominium management position which they secured after the dismissal of the previous bankruptcy and passed their probationary period in February, 2011.

14. Debtor and his non-Debtor spouse have substantial claims against M&I Bank (commercial), including, but not limited to breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, interference with their economic advantage and prospective economic opportunity and other claims, which will be pursued for the benefit of their creditors in these proceedings.

15. Furthermore, Debtor and his non-Debtor spouse have a claims against M&I Bank (residential) and Deutsche Bank National Trust Company, N.A. for various causes, which will be pursued for the benefit of their creditors in these proceedings.

16. Debtor believes in good faith that he will be able to successfully reorganize his debts in the current bankruptcy proceedings.

17. Debtor asserts that he is acting in good faith as to all creditors and that M&I Bank and Deutsche Bank National Trust Company, N.A. and their attorneys have not acted in good faith in the previous bankruptcy nor in state court proceedings, to the detriment and damage of Debtor and the other creditors in these proceedings.

WHEREFORE, Debtor moves the Court to confirm that the automatic stay shall continue in these proceedings under 11 U.S.C. §362(c).

Dated at Minneapolis, Minnesota this 23rd day of March, 2011.

*/s/ Wendy Alison Nora*
_____
Attorney Wendy Alison Nora
ACCESS LEGAL SERVICES
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
(952) 405-8632
FAX (952) 405-8691
accesslegalservices@gmail.com
Wisconsin Attorney ID #1017043